**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION**

GRACE URZUA,
an individual,

                                Case No.:

       Plaintiff,

v.

FIRST NATIONAL
COLLECTION BUREAU, INC.,
a foreign for-profit corporation, and
SECURITY CREDIT SERVICES, LLC,
a foreign limited liability company,

       Defendants.

_____/

## COMPLAINT WITH JURY TRIAL DEMAND

**COMES NOW**, Plaintiff, GRACE URZUA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, FIRST NATIONAL COLLECTION BUREAU, INC. (hereinafter, "FNCB") and Defendant SECURITY CREDIT SERVICES, LLC (hereinafter "SCS") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Florida Consumer Collections Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* (hereinafter "FDCPA"), wherein Defendants unlawfully transmitted Plaintiff's personal information to a third-party in an attempt to collect a consumer debt.

### JURISDICTION, PARTIES, AND VENUE

2.     This is an action for damages that exceeds $8,000.00, exclusive of attorneys' fees and costs.

3.      Jurisdiction and venue for purposes of this action are conferred by the FCCPA and the FDCPA.

4.      At all material times herein, the conduct of Defendants, complained of below, occurs in Polk County, Florida.

5.      At all material times herein, Plaintiff is an individual residing in Polk County, Florida.

6.      At all material times herein, Defendants conduct business in Polk County, Florida.

7.      At all material times herein, Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8.      At all material times herein, Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FCCPA AND FDCPA STATUTORY STRUCTURE

9.      The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

11.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection

2

"communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

12.     For example, the FDCPA prohibits a debt collector from transmitting a debtor's personal information to a third-party.    *See* 15 U.S.C. §1692c(b). *See also Hunstein v. Preferred Collection & Mgmt. Servs..* No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

13.     Similarly, Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla Stat. § 559.72(5).

## GENERAL ALLEGATIONS

14.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by the FCCPA and the FDCPA.

15.     At all material times herein, Defendants are each a "creditor" as defined by the FCCPA.

16.     At all material times herein, Defendants are each a "debt collector" as defined by the FCCPA and FDCPA.

17.     At all material times herein, Defendants attempt to collect a consumer debt, including but not limited to a balance allegedly owed to SCS identified by account number ending -2179 and/or reference number ending -5153 (hereinafter, the "Debt").

18.     At all material times herein, the Debt is a consumer debt, an alleged obligation resulting from transactions for goods or services incurred primarily for personal, household, or

family use.

19.     At all material times herein, Defendants are each a "person" subject the FCCPA. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

20.     At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by the FCCPA and the FDCPA.

21.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

22.     All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

### FACTUAL ALLEGATIONS

23.     On or before March 30, 2021, Defendants transmitted Plaintiff's highly sensitive and personal information to a third-party (hereinafter, "Third-Party").

24.     The highly sensitive and personal information Defendants transmitted to the Third-Party included, but was not limited to: [1] Plaintiff's name; [2] Plaintiff's address; [3] the existence of the Debt; [4] the amount of the Debt; [5] the creditor of the Debt; [6] that Plaintiff was the alleged debtor of the Debt; and [7] that Plaintiff did not pay the Debt and/or defaulted on the Debt (collectively, the "Transmitted Sensitive Information").

25.     The Third-Party, to whom Defendants transmitted Plaintiff's Transmitted Sensitive Information, compiled Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Debt.

26.     The Transmitted Sensitive Information affected Plaintiff's reputation. For example,

the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, Plaintiff's reputation regarding trustworthiness, and Plaintiff's reputation regarding creditworthiness.

27.     Defendants' transmission of Plaintiff's Transmitted Sensitive Information to the Third-Party was a communication in connection with the collect of the Debt.

28.     On March 30, 2021, Defendants, via the Third-Party, caused a collection letter (hereinafter, "Collection Letter") to be sent directly to Plaintiff in attempts to collect the Debt. A true and correct copy of the Collection Letter is attached as **Exhibit A.**

29.     Defendants' transmission of Plaintiff's Transmitted Sensitive Information to the Third-Party is an explicit violation of Section 1692c(b) of the FDCPA. *See Hunstein v. Preferred Collection & Mgmt. Servs.*. No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021).

30.     The Collection Letter contains a bar code and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter to Plaintiff.

31.     For Defendants to maintain a valid consumer collection agency license with the Florida Department of State (to lawfully collect, or attempt to collect, consumer debts from Florida consumers) Defendants knew they were required to tailor their (Defendants') debt collection methods to follow both the FDCPA and FCCPA.

32.     Defendants knew that the Transmitted Sensitive Information constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of Section 1692c(b) of the FDCPA.

33.     The Third-Party did not have any legitimate business need for the Transmitted Sensitive Information, because disclosing the Transmitted Sensitive Information to a Third Party

constituted an unlawful transmission of Plaintiff's highly sensitive and personal information in violation of Section 1692c(b) of the FDCPA by Defendants. In other words, Defendants cannot argue the Third Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

34.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

35.     The FDCPA provides for the award of up to $1,000.00 statutory damages, actual damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

36.     Plaintiff retained Undersigned Counsel to pursue this matter against Defendants, and Plaintiff is obligated to pay Undersigned Counsel reasonable attorneys' fees and costs with respect to the same.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES –**
**VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(5)**

Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

37.     Pursuant to Section 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla Stat. § 559.72(5).

38.     As set forth above, Defendants unlawfully transmitted Plaintiff's highly sensitive and

personal information, by and through the Transmitted Sensitive Information, to the Third-Party, whereby said transmitted information affected Plaintiff's reputation because the Third-Party did not have any legitimate business need for unlawfully transmitted highly sensitive and personal information of Plaintiff.

39.     Defendants cannot argue the Third Party had a "legitimate business need" for Plaintiff's highly sensitive and personal information illegally disclosed without lawful justification or Plaintiff's consent.

40.     As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692c(b)**

Plaintiff re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

41.     Pursuant to Section 1692c(b) of the FDCPA, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector." 15 U.S.C. 1692c(b).

42.     As set forth above, Defendants' transmission of Plaintiff's highly sensitive personal information to the Third-Party violates Section 1692c(b) of the FDCPA. *See Hunstein*, No. 19-14434, 2021 U.S. App. LEXIS 11648 (stating "[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).").

43.     Accordingly, Defendants violated Section 1692c(b) of the FDCPA when they transmitted Plaintiff's highly sensitive and personal information to the Third-Party.

44.     As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Defendants declaring that Defendants violated the FCCPA;

b.     Judgment enjoining Defendants from engaging in further conduct in violation of the FCCPA.

c.     Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

d.     Judgment against Defendants for maximum statutory damages for violations of the FDCPA;

e.     Actual damages;

f.     An award of attorneys' fees and costs; and

g.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully submitted,

SWIFT, ISRINGHAUS & DUBBELD, P.A.

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
**Jon P. Dubbeld, Esq., FBN 105869**

8

**Jordan T. Isringhaus, Esq., FBN 0091487**
**Sean E. McEleney, Esq., FBN 0125561**
Swift, Isringhaus & Dubbeld, P.A.
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

# Exhibit A



FNCB-0329-152*619666-02606-844  849

DEPT 940    2433632521032
PO BOX 4115
CONCORD CA 94524



**First National Collection Bureau, Inc.**

50 W. Liberty Street Suite 250
Reno, Nevada 89501
(800) 824-6191

March 30, 2021
Office Hours:
Mon. - Fri. 6 A.M. - 5 P.M.
Pacific Standard Time
*Please remit all correspondence to the above address

ADDRESS SERVICE REQUESTED

GRACE URZUA

Current Creditor: SECURITY CREDIT SERVICES, LLP
Original Creditor: NEXTEPFUNDING
Debt Description: SCOOTERS - TITLED/NEW
Original Account #: ***********2179
Ref #: ████5153
Total Due: $4,433.34

This is to advise you that your delinquent account has been placed with our office for collection by our client SECURITY CREDIT SERVICES, LLP.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment and mail you with the name and address of the original creditor, if different from the current creditor.

Credit Reporting Notice - You are hereby notified that a negative credit report reflecting on your credit record may be submitted by Security Credit Services (owner of the account referenced herein) to credit reporting agencies for as long as the law permits reporting.

We could set up your account on a monthly payment plan.

We would like to extend the following discounted offer:

An approximately 60% discount payable in 12 payments totaling $1,773.24. Each payment within 30 days of the previous payment.

We are not obligated to renew this offer.

To pay your account by phone, call (800) 824-6191 and select the automated telephone payment option. Or if you would like to pay online, visit our website at www.fncbinc.com. You may also mail in your payment. Please use Reference # ████5153.

If you wish to speak with a representative, please call (800) 824-6191.

Sincerely,
First National Collection Bureau, Inc.
BRAD LANE

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.



DETACH COUPONS AND MAIL PAYMENT

| 1 OF 12 | 2 OF 12 | 3 OF 12 | 4 OF 12 |
|---|---|---|---|
| Ref #: ████5153 | Ref #: ████5153 | Ref #: ████5153 | Ref #: ████5153 |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. | FNCB INC. |
| 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 |
| Reno, NV 89501 | Reno, NV 89501 | Reno, NV 89501 | Reno, NV 89501 |
| PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 |
|  | DUE: 30 DAYS AFTER 1ST PAYMENT | DUE: 30 DAYS AFTER 2ND PAYMENT | DUE: 30 DAYS AFTER 3RD PAYMENT |
| 5 OF 12 | 6 OF 12 | 7 OF 12 | 8 OF 12 |
| Ref #: ████5153 | Ref #: ████5153 | Ref #: ████5153 | Ref #: ████5153 |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. | FNCB INC. |
| 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 |
| Reno, NV 89501 | Reno, NV 89501 | Reno, NV 89501 | Reno, NV 89501 |
| PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 |
| DUE: 30 DAYS AFTER 4TH PAYMENT | DUE: 30 DAYS AFTER 5TH PAYMENT | DUE: 30 DAYS AFTER 6TH PAYMENT | DUE: 30 DAYS AFTER 7TH PAYMENT |
| 9 OF 12 | 10 OF 12 | 11 OF 12 | 12 OF 12 |
| Ref #: ████5153 | Ref #: ████5153 | Ref #: ████153 | Ref #: ████5153 |
| MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: | MAIL PAYMENT TO: |
| FNCB INC. | FNCB INC. | FNCB INC. | FNCB INC. |
| 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 | 50 W Liberty Street Suite 250 |
| Reno, NV 89501 | Reno, NV 89501 | Reno, NV 89501 | Reno, NV 89501 |
| PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 | PAYMENT AMT - $147.77 |
| DUE: 30 DAYS AFTER 8TH PAYMENT | DUE: 30 DAYS AFTER 9TH PAYMENT | DUE: 30 DAYS AFTER 10TH PAYMENT | DUE: 30 DAYS AFTER 11TH PAYMENT |